## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ESTATE OF JOSEPH D. ANDERSON,   :     No.    1:13-CV-1551
                    :
          Plaintiff,   :     Hon. John E. Jones III
                    :
     v.   :
                    :
AETNA LIFE INSURANCE CO. and   :
SIMONE TEMKIN,   :
                    :
         Defendants.   :

## MEMORANDUM

### July 29, 2013

## I.    INTRODUCTION

Before the court in the above-captioned action is the Motion to Dismiss (doc. 2) of Defendant AETNA Life Insurance Co. Pursuant to Local Rule 7.5, the motion is deemed unopposed as a result of the Plaintiff Estate's failure to file any opposition thereto. For the reasons that follow, we will grant the Defendant's motion in its entirety.

## II.    FACTUAL BACKGROUND & PROCEDURAL HISTORY

In accordance with the standard of review applicable to a motion to dismiss, the following facts are derived from the Plaintiffs' Complaint and viewed in a light most favorable to the Plaintiffs.

The Plaintiff is the Estate of Joseph D. Anderson ("Estate"), by and through

its executor, Layla Boyce. (Doc. 1-2, ¶ 1). Joseph D. Anderson ("Anderson"), was employed at Stanley Black & Decker, Inc. ("Black & Decker") for approximately fifteen (15) years through January 13, 2012, the date of his unexpected death. (*Id.* ¶ 4). Anderson was covered and eligible for benefits upon his death under Black & Decker's Group Life Insurance Benefit Plan ("the Policy") under control number 800178. (*Id.* ¶ 5). Upon Anderson's death, the Estate filed a claim for benefits under the Group Life Insurance Benefit Plan, a claim which Defendant AETNA Life Insurance Co. ("AETNA") denied by letter dated December 6, 2012. (*Id.* ¶¶ 6-7). In its letter, AETNA indicated that there was a named beneficiary, Defendant Simone Temkin, and that despite an error in their listed records containing the wrong date of birth for Defendant Temkin, AETNA was able to determine that Defendant Temkin was the correct beneficiary of record. (*Id.* ¶¶ 8-10).

The Estate then sent AETNA a letter accompanied by a General Release and Renunciation ("Release") executed by Defendant Temkin on November 7, 2012. (*Id.* ¶ 11). In exchange for $2,000 consideration, Defendant Temkin waived and released her rights to any claim or action against the Estate and its personal representative, but makes no reference to her rights or claims against Anderson's

life insurance policy.[1] (Doc. 1-2, Ex. C). In its complaint, the Estate asserts that the "intent and clear language" of the Release was for Defendant Temkin to waive any and all rights under any life insurance policy related to the Estate. (*Id.* ¶ 12). By letter dated March 4, 2013, AETNA affirmed its earlier decision to deny benefits to the Estate as requested, concluding that the release, while broad as to claims against the Estate, was devoid of any reference to the Black & Decker Policy. (*Id.* ¶ 13, Doc. 1-2, Ex. D).

The Estate thereafter commenced this action in the Court of Common Pleas of York County, Pennsylvania, seeking declaratory judgment that the Estate is entitled to the proceeds of the Black & Decker Policy. The Defendants timely removed this action to this Court by filing a Notice of Removal (doc. 1) on June 10, 2013. That Notice was shortly followed by the presently pending Motion to Dismiss (doc. 2), filed on June 17, 2013, wherein AETNA seeks dismissal of the claims against pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. AETNA filed a brief in support of its motion on July 1, 2013. Local Rule 7.5 requires that briefs in opposition be filed within fourteen (14) days of receipt of the movant's supporting brief and further provides that

---

[1] The Estate has attached a copy of said Release to its complaint, and thus this Court may consider that document and its terms in ruling on the pending Rule 12(b)(6) motion. *See Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000).

"[a]ny party who fails to comply with this rule shall be deemed not to oppose such motion." The Estate's opposition papers were due to this Court on or before July 15, 2013, and to date, none have been filed. Accordingly, pursuant to Local Rule 7.5, AETNA's motion is deemed unopposed.

## III.   STANDARD OF REVIEW

When considering a motion to dismiss under Rule 12(b)(1), a court must distinguish between facial and factual challenges to its subject matter jurisdiction. *See Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). A facial attack challenges whether the plaintiff has properly pled jurisdiction. *Id.* "In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) (citing *Mortensen*, 549 F.2d at 891). A factual attack, in contrast, challenges jurisdiction based on facts apart from the pleadings. *Mortensen*, 549 F.2d at 891. "When a defendant attacks subject matter jurisdiction 'in fact,' ... the Court is free to weigh the evidence and satisfy itself whether it has power to hear the case. In such a situation, 'no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.'" *Carpet Group*

*Int'l v. Oriental Rug Importers Ass'n*, 227 F.3d 62, 69 (3d Cir. 2000) (quoting *Mortensen*, 549 F.2d at 891). In this case, AETNA raises a facial Rule 12(b)(1) challenge, contending that this Court lacks subject matter jurisdiction over the Estate's claim even assuming the allegations in the complaint to be true.

## IV.   DISCUSSION

In its motion, AETNA contends that because the Estate is neither a beneficiary of nor a participant in the Black & Decker Policy, as defined by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*, the Estate does not have standing to bring this particular declaratory judgment action and we are thus without jurisdiction to hear the case. After a review of the controlling case law and the language of ERISA, we are compelled to agree.

The Employee Retirement Income Security Act ("ERISA") permits a participant or beneficiary to bring a civil action as a means to recover benefits owed under the terms of a life insurance policy. 29 U.S.C. § 1132(a)(1)(B). A beneficiary is an individual designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder. 29 U.S.C. § 1002(B). A party who does not fall within § 1132 does not have standing to file suit. *Miller v. Rite Aid Corp.*, 334 F.3d 335, 340 (3d Cir. 2003). The requirement that a plaintiff be a participant or beneficiary "is both a standing and

subject matter jurisdictional requirement." *Id.*

It is clear from the Estate's declaratory judgment Complaint that Joseph Anderson, the decedent, was employed by Black & Decker and was covered and eligible for benefits upon his death under a Black & Decker Group Life Insurance Benefit Plan. (Doc. 1, ¶ 5). It is equally clear from the Complaint that prior to his death, Anderson had named Defendant Simone Temkin as the beneficiary of the Black & Decker Policy. (Doc. 1, ¶¶ 5, 8-10). Thus, under the governing statutory and decisional law, both Anderson as a plan participant and Defendant Temkin as a plan beneficiary would have standing to bring this action against AETNA under ERISA. *See* 29 U.S.C. § 1132(a)(1)(B); *Miller*, 334 F.3d at 340. The Estate argues, however, that it is entitled to the proceeds of the Black & Decker Policy as default beneficiary because Defendant Temkin's General Release & Renunciation ("Release") letter waived all rights she had to those proceeds; that is, the Estate contends that by operation of the Release, it has become the actual beneficiary of the Policy, thus conferring standing upon it and allowing this Court to exercise jurisdiction over its claim. (Doc. 1, ¶ 11). Because our own review of that Release reveals no such waiver or relinquishment of rights, we are compelled to disagree.

While the Release is broad as to claims by Defendant Temkin against the Estate, it goes no further. Indeed, the Release makes no mention of the Black &

Decker Policy whatsoever and thus, while Defendant Temkin has clearly waived any right to any claim against the Estate itself, she has nowhere waived her right to collect the proceeds of the Policy. Indeed, to construe Defendant Temkin's Release of claims against the Estate as a waiver and relinquishment of her rights under the Policy, indisputably not part of the Estate, would be to read language into the Release which plainly it does not contain. Because the Estate had no initial claim against the Black & Decker Policy and did not acquire one through the Release as it contends, we cannot but conclude that the Estate is not a named beneficiary under the Policy.

In short, the undisputed facts establish that the Estate was not a named beneficiary under the Policy and that there is, in fact, a named beneficiary of record. As we have noted, the decisional and statutory law is clear that only a plan participant or plan beneficiary has standing to pursue a civil action under ERISA and that absent a beneficiary or participant plaintiff, courts are without jurisdiction to hear an ERISA claim. 29 U.S.C. § 1132(a)(1)(B); *Miller*, 334 F.3d at 340. In light of all of the facts, it is clear that the Estate lacks standing to bring a civil action to recover benefits under 29 U.S.C. § 1132(a)(1)(B) because it is neither a beneficiary nor a participant in the plan. Accordingly, we will grant AETNA's unopposed motion, finding that the Estate lacks standing to bring this matter,

contemporaneously divesting us of jurisdiction. Further, while we acknowledge that the motion to dismiss was filed by AETNA only, given the jurisdictional nature of our ruling, we must also dismiss the case against Defendant Simone Temkin, as it was likewise brought pursuant to ERISA and we are thus without jurisdiction to hear that claim as well.

## V.      CONCLUSION

For all of the reasons articulated therein, we will grant AETNA's unopposed Motion to Dismiss (doc. 2) and dismiss the Plaintiff's Complaint in its entirety. An appropriate Order shall issue.